IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRAVIS E. STOKES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MOUNTAIN AMERICA FEDERAL CREDIT UNION, a domestic non-profit corporation; doing business as MOUNTAIN AMERICA CREDIT UNION; and JOHN DOES I-X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT MOUNTAIN AMERICA'S MOTION TO SET ASIDE DEFAULT JUDGMENT<br><br><br><br>Case No. 2:10-CV-27 TS |

This matter is before the Court on Defendant Mountain America Federal Credit Union's ("Mountain America") Motion to Set Aside Default Judgment. For the reasons discussed below, the Court will grant the Motion and will set aside the default judgment previously entered against Defendant.

1

## I. BACKGROUND

Plaintiff filed his Complaint in this matter of January 13, 2010. Plaintiff brought claims for quiet title, injunctive relief, violations of the Truth in Lending Act, violations of the Real Estate Settlement Procedures Act, violations of the Home Mortgage Disclosure Act, and fraud.

Defendant Mountain America was served with the Complaint on January 20, 2010, and its answer was due on February 19, 2010. After Defendant Mountain America failed to answer or otherwise respond to the Complaint, Plaintiff moved for default on February 22, 2010. The Clerk of the Court entered a default certificate on March 11, 2010, and this Court entered default judgment in favor of Plaintiff and against Defendant Mountain America on March 15, 2010. Defendant now seeks to set aside that default judgment.

In addition to the above-listed facts, Defendant's Motion sets out the following: Defendant financed Plaintiff's purchase of real property in Syracuse, Utah. Plaintiff defaulted on his mortgage payments and Defendant filed a notice of default and purchased the property at a foreclosure sale. Defendant initiated eviction proceedings against Plaintiff in state court. On January 19, 2010, an eviction pretrial conference was held in the state action where Plaintiff agreed to vacate the property. Plaintiff was represented in the state matter by the same counsel that represents him in this action. Plaintiff has voluntarily vacated the property and Defendant has taken possession.

Defendant admits that it was served with a copy of the Complaint and summons for this action. Defendant avers that its officers believed that the materials were part of the state action and did not realize this case was a separate lawsuit and, therefore, did not send the materials to its

counsel. Defendant further alleges that counsel for Plaintiff did not inform the state court of the federal court proceeding. Mitchell Brooks, the attorney representing Defendant in the state court matter, in a sworn affidavit, also states that "neither I, nor any other attorney at Scalley Reading Bates Hansen & Rasmussen, had knowledge that a Complaint had been filed in the above-captioned matter."[1]

In response, Plaintiff agrees with most of Defendant's Statement of Fact. However, Plaintiff vigorously disagrees with Defendant's statement that its counsel were unaware of this action. Plaintiff argues that Defendant's counsel were advised, both orally and in writing, of this action. In support, Jeremy Eveland, counsel for Plaintiff, has submitted his own sworn affidavit. In that Affidavit, Mr. Eveland states: "I specifically told Mr. Brooks that I had filed a lawsuit against MACU in the federal court and asked if he wanted a copy of the complaint."[2] Mr. Eveland goes on to state that he sent a letter to Defendant's other attorney, Darwin Bingham, regarding this matter.[3] That letter is attached to Plaintiff's Response.[4] For its part, Defendant does not address, or even acknowledge, the existence of the letter.

Further complicating this case is a series of letters exchanged between counsel after default was entered. In the first letter, counsel for Defendant alleges that counsel for Plaintiff has

---

[1] Docket No. 11, ¶ 7.

[2] Docket No. 14, ¶ 8.

[3] *Id.* ¶ 1.

[4] Docket No. 13, Ex. A.

acted improperly and threatens a motion for Rule 11 sanctions.[5] In response, counsel for Plaintiff responded that he would not object to a motion to set aside default, which, now, he has done.[6]

II. DISCUSSION

Fed.R.Civ.P. 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."[7] Default judgments are disfavored by courts.[8]

"The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense."[9]

First, the Court must consider whether the default was the result of culpable conduct of the Defendant. "If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone."[10] "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default."[11]

---

[5]Docket No. 15, Ex. A.

[6]*Id.*, Ex. B.

[7]Fed.R.Civ.P. 55(c).

[8]*See Katzson Bros., Inc. v. United States EPA*, 839 F.2d 1396, 1399 (10th Cir. 1988).

[9]*Hunt v. Ford Motor Co.*, 65 F.3d 178, at *3 (10th Cir. 1995).

[10]*Id.*

[11]*Id. See also United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) ("Generally, a party's conduct will be considered culpable only if the party

Before the Court is the unfortunate situation where there is plenty of culpable conduct to go around. The Court has been presented with two sworn affidavits from counsel which state two contradictory views. Mr. Brooks states that neither he, nor anyone at his firm, knew of the federal lawsuit, while Mr. Eveland states that he informed both Mr. Brooks and Mr. Bingham of the federal action. The only conclusion the Court can reach is that one of these members of the bar are making misrepresentations to the Court. At this stage, the Court need not determine who is doing so, but the Court must express its frustration and disappointment at both of those attorneys who submitted affidavits. Counsel should be mindful of their ethical obligations to the Court, as well as the possibility of sanctions for violating the same, when submitting sworn statements to the Court. Candor to the Court is something this Court takes very seriously and such shenanigans are unacceptable.

That being said, the Court finds that Defendant's culpable conduct alone did not cause the default. If Defendant and its counsel are to be believed,[12] this was simply a mistake where the federal lawsuit was believed to be a part of the state lawsuit and the failure to file a response to the Complaint was inadvertent. Further, it would have been advisable for Plaintiff to inform this Court of the pending state action and vice versa. In addition, as a professional courtesy, Plaintiff may wish to make further attempts to contact counsel before seeking default.

---

defaulted willfully or has no excuse for the default.").

[12] The Court wishes to make clear that it is not making the determination that Defendant or its counsel should be believed.

Next, the Court must determine whether Plaintiffs would be prejudiced if the default were set aside. Plaintiff argues that he will be prejudiced if the default is set aside because he has: (1) incurred costs; (2) incurred attorney's fees; (3) relied upon the default judgment; and (4) will be emotionally strained. The Court finds that any prejudice to Plaintiff can be mitigated by an order awarding Plaintiff attorney's fees and costs associated with bringing the Motion for Default Judgment and responding to the instant Motion. Plaintiff's counsel shall submit an affidavit detailing those costs and fees within twenty (20) days of this Order.

Finally, the Court must consider whether Defendants have presented a meritorious defense. "Defendant does not need to demonstrate a likelihood of success on the merits, but rather, defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense."[13]

The Court finds that Defendant does have a meritorious defense.

### III. CONCLUSION

It is therefore

ORDERED that Defendant Mountain America's Motion to Set Aside Default Judgment (Docket No. 9) is GRANTED. It is further

ORDERED that the Default Judgment entered against Defendant Mountain America (Docket No. 7) is SET ASIDE and the Clerk of the Court is directed to re-open this case. It is further

---

[13]*Fink v. Swisshelm*, 185 F.R.D. 353, 355 (D. Kan. 1999).

ORDERED that Defendant shall pay costs and attorney's fees associated with bringing the Motion for Default Judgment and responding to the instant Motion. Plaintiff's counsel shall file an affidavit detailing those costs and fees within twenty (20) days of this Order. It is further

ORDERED that Defendant Mountain America shall have twenty (20) days from the date of this Order to answer or otherwise respond to Plaintiff's Complaint.

The hearing set for June 23, 2010, is STRICKEN.

DATED   May 6, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge