IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRAVIS E. STOKES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MOUNTAIN AMERICA FEDERAL CREDIT UNION, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br><br>Case No. 2:10-CV-27 TS |

This matter is before the Court on Defendant Mountain America Federal Credit Union's Motion to Dismiss. For the reasons discussed below, the Court will grant the Motion.

I. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1]  Plaintiff must provide "enough facts

---

[1] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

1

to state a claim to relief that is plausible on its face."[2] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the court "need not accept conclusory allegations without supporting factual averments."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.[6] Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[7]

The Supreme Court explained the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[8] In *Iqbal*, the Court reiterated that while Fed.R.Civ.P. 8 does not require detailed factual allegations,

---

[2]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[3]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6]*Id*.

[7]*The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8]556 U.S. ___, 129 S.Ct. 1937 (2009).

it requires "more than unadorned, the-defendant-unlawfully harmed-me accusation[s]."[9] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[10] "Nor does a complaint suffice if it tenders 'naked assertion[s]" devoid of 'further factual enhancement.'"[11]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[12]

---

[9] *Id.* at 1949.

[10] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[11] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[12] *Id.* at 1949-50 ( internal quotation marks and citations omitted).

3

## II. FACTUAL BACKGROUND

On or about August 12, 2008, Plaintiff purchased property located in Syracuse, Utah. Plaintiff purchased the property by executing a Note with Defendant Mountain America. The Note was secured by a Deed of Trust. Plaintiff ceased making payments under the Note and Defendant Mountain America commenced a foreclosure action. Defendant recorded a Notice of Default. On or about November 18, 2009, the successor trustee conducted a foreclosure sale of the property pursuant to the Deed of Trust.

Plaintiff's Complaint contains the following causes of action: (1) quiet title; (2) injunctive relief; (3) violations of the Truth in Lending Act; (4) violations of the Real Estate Settlement Procedures Act; (5) violations of the Home Mortgage Disclosure Act; and (6) fraud.

## III. DISCUSSION

A.     QUIET TITLE, THE TRUTH IN LENDING ACT, AND INJUNCTIVE RELIEF

Plaintiff's first, second, and third causes of action are closely related. Plaintiff alleges that Defendant failed to make certain disclosures under the Truth in Lending Act ("TILA") and that he is entitled to rescind the loan transaction and obtain damages. Defendant moves for dismissal of Plaintiff's TILA claims, asserting that TILA does not apply to this loan and that Plaintiff's claims are barred by the statute of limitations.

15 U.S.C. § 1635(a) sets out TILA's right to rescind:

> [I]n the case of any consumer credit transaction . . . in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under

this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

TILA exempts "residential mortgage transactions" from the rescission provisions of 15 U.S.C. § 1635.[13] A "residential mortgage transaction" is defined as "a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."[14]

Here, the transaction at issue is a residential mortgage transaction because the loan was obtained to finance the acquisition of Plaintiff's dwelling. Therefore, § 1635 is not applicable. A number of courts,[15] including this one,[16] have so held. Therefore, Plaintiff's claims under the Truth in Lending Act fail as a matter of law.

---

[13]*Id*. § 1635(e)(1).

[14]*Id*. § 1602(w).

[15]*See, e.g., Betancourt v. Countrywide Home Loans, Inc.*, 344 F.Supp. 2d 1253, 1261 (D. Colo. 2004) ("[T]here is no statutory right of rescission . . . where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside.") (citing cases).

[16]*See Grealish v. Am. Brokers Conduit*, 2009 WL 2992570, *2 (D. Utah Sept. 16, 2009).

Plaintiff also alleges a common law claim for rescission. "Rescission is a restitutionary remedy that attempts to return parties to the status quo."[17] "To rescind a partially executed contract, the party seeking rescission usually must be able to place the other party in the same position that existed before the execution of the contract."[18] "'Generally, if the parties cannot be put back in statu quo, a contract can be rescinded only where the clearest and strongest reason and equity imperatively demand it.'"[19]

Here, there is no allegation that Plaintiff is able to return the money loaned to him by Defendant. Therefore, there is no ability to return the parties to the status quo. As a result, rescission is only available in limited circumstances, which are not present here.

Based on the above, the Court finds that Plaintiff's first, second, and third causes of action must be dismissed.

B.  REAL ESTATE SETTLEMENT PROCEDURES ACT

Defendant argues that Plaintiff's claim under the Real Estate Settlement Procedures Act ("RESPA") must be dismissed because RESPA does not provide for a private right of action and Plaintiff's claim is barred by the statute of limitations. Plaintiff agrees that his claim is time barred. Therefore, it will be dismissed.

---

[17] *Anderson v. Doms*, 75 P.3d 925, 928 (Utah Ct. App. 2003).

[18] *50 West Broadway Assocs. v. Redevelopment Agency of Salt Lake City*, 784 P.2d 1162, 1170 (Utah 1989).

[19] *Id*. (quoting 17Am.Jur.2d Contracts § 514, at 998 (1964)).

C.  HOME MORTGAGE DISCLOSURE ACT

Defendant argues that Plaintiff's claim under the Home Mortgage Disclosure Act ("HMDA") must be dismissed because the Act does not provide a private right of action. The Court agrees that the Act does not create a private right of action.[20] Therefore, this claim must be dismissed.

C.  FRAUD

Plaintiff's sixth cause of action alleges fraud.

> [I]n order to prevail on a claim of fraud, all the elements of fraud must be established by clear and convincing evidence. Those elements are: (1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representer either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge on which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage.[21]

Because Plaintiff's claim alleges fraud it must meet the requirements of Fed.R.Civ.P. Rule 9(b). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Simply stated, a complaint must 'set for the time, place and contents of the false representation, the identity of the party making

---

[20]*Swanson v. Citi*, 2009 WL 3380848, *7 (N.D. Ill. Oct. 16, 2009).

[21]*Secor v. Knight*, 716 P.2d 790, 794 (Utah 1986) (citations omitted).

7

the false statements and the consequences thereof.'"[22]  "Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud."[23]

Plaintiff's Complaint alleges that Defendant committed fraud when it conducted the trustee sale after an attempted rescission. As set forth above, Plaintiff had no right of rescission under TILA. Therefore, this claim must be dismissed.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 18) is GRANTED.  It is further

ORDERED that Defendant pay Plaintiff's counsel his fees and costs in the amount of $1,362.30 pursuant to the Court's Memorandum Decision and Order Granting Defendant Mountain America's Motion to Set Aside Default Judgment (Docket No. 17).

The hearing set for July 27, 2010, is STRICKEN.  The Clerk of the Court is directed to close this case forthwith.

DATED   July 8, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[22] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

[23] *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quotation marks and citation omitted).